IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNY THOMAS**                                                                                 **PLAINTIFF**

v.                              **CASE NO. 4:20-CV-00275 BSM**

**CERTAIN UNDERWRITERS**
**AT LLOYD'S, LONDON**                                                   **DEFENDANT**

## ORDER

Certain Underwriters at Lloyd's, London's ("Lloyd's") motion for summary judgment [Doc. No. 24] is granted because it properly denied Kenny Thomas's homeowner's insurance claim under the policy's concealment or fraud condition.

## I. BACKGROUND

In June 2019, a fire occurred at Kenny Thomas's home in Pine Bluff, Arkansas. Def's. SUMF ¶¶ 1, 4, Doc. No. 26. Following the fire, Thomas submitted a insurance claim to Lloyd's for the total loss of his home and for the loss of personal property, including furniture. *Id.* ¶ 5. At the time of the fire, Thomas was behind on his mortgage payments and the home was listed for sale. *Id.* ¶ 12. When the Pine Bluff Fire Marshal inspected the property, he did not locate any remnants or debris to indicate furniture was destroyed in the fire. *Id.* ¶ 8. Lloyd's also hired Midwest Fire Consulting Group ("Midwest Fire") to investigate, and Midwest Fire concluded there was no evidence that furniture or personal items were destroyed in the fire. *Id.* ¶ 6. Midwest Fire further concluded that the fire was incendiary with the use of ignitable liquid to enhance the burning process, and that the ignition source was an open flame device held by a human hand. *Id.* ¶ 7.

In July 2019, Thomas prepared a proof of loss statement that included a couch, loveseat, and ottoman that he reported he purchased from Ashley Furniture. *Id.* ¶¶ 9–10. Thomas later testified at an examination under oath that the proof of loss he prepared was accurate, and that the furniture he reported as lost was his property and had been moved into the home prior to the fire. *Id.* ¶¶ 11, 13–14. Lloyd's denied coverage for Thomas's claim after determining that he intentionally caused the fire and breached the policy's concealment or fraud condition, which rendered the policy void. *Id.* ¶ 15. Following this denial, Thomas sued Lloyd's for breach of contract and bad faith denial of insurance benefits. *See* Compl., Doc. No. 1.

The Arkansas Insurance Department ("AID") subsequently began a criminal investigation of Thomas's insurance claim. Doc. No. 26 at ¶ 17–24. AID discovered that almost nine months after the fire, Thomas's girlfriend submitted a claim under a furniture protection plan and obtained a replacement cushion for one of the sofas from Ashley Furniture that Thomas claimed had been destroyed. *Id.* ¶ 20. The replacement cushion was delivered to a home where Thomas and his girlfriend had both lived. *Id.* ¶¶ 20–21. AID obtained a search warrant for Thomas and his girlfriend's current residence, and found that the Ashley Furniture items were present in the home and had not been destroyed in the fire as Thomas had represented throughout the investigation of the claim. *Id.* ¶¶ 17–24.

Lloyd's now moves for summary judgment and asserts that there is no genuine dispute that Thomas's false representations voided his homeowner's insurance policy and that

coverage for Thomas's claim was properly denied. *See* Def's. Br. Supp. Mot. Summ. J., Doc. No 25. Thomas did not respond to Lloyd's motion. *See* Reply Supp. Mot. Summ. J., Doc. No. 28.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* Failure to oppose a basis for summary judgment constitutes a waiver of any argument in opposition to the summary judgment motion. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731 (8th Cir. 2009). Moreover, all material facts contained in the statement filed by the moving party will be deemed admitted unless controverted by a statement filed by the non-moving party. Local Rule 56.1(c); *see Beavers v. Bretherick*, 227 Fed.Appx. 518, 521 (8th Cir. 2007).

## III. DISCUSSION

Summary judgment is appropriate because Lloyd's properly denied Thomas's homeowner's insurance claim under the policy's concealment or fraud condition. The relevant provision in Thomas's policy with Lloyd's states: "This entire policy is void when,

either before or after a loss, there have been fraudulent acts or false statements made or material facts or circumstances concealed or misrepresented in regard to the insured property, the insurance coverage, or the loss." Doc. No. 26 at ¶ 2. There is no genuine dispute that Thomas falsely represented he had lost certain furniture items in the fire. Law enforcement found the items Thomas claimed were lost in a different home where he and his girlfriend were living. Moreover, by not responding to Lloyd's motion for summary judgment or filing his own statement of facts, Thomas's misrepresentations are deemed admitted. Local Rule 56.1(c).

Thomas's breach of the concealment or fraud condition unambiguously voided his homeowner's insurance policy. *See Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 989 (8th Cir. 2010) ("Under Arkansas law, the language of the insurance contract governs whether an insurer may withhold coverage on the basis of the insured's allegedly false statements"); *see also Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 423 (8th Cir. 2007) (affirming judgment as a matter of law due to insured's breach of concealment or fraud condition due to insured's submission of false proof of loss). Because Thomas's misrepresentations voided the policy, Lloyd's' denial of his claim for coverage was not a breach of contract.

Lloyd's is also entitled to summary judgment on Thomas's claim for bad faith denial of insurance benefits. Thomas can recover for bad faith only if Lloyd's affirmatively engaged in "dishonest, malicious, or oppressive" misconduct in trying to avoid liability under the policy, without a good faith reason for doing so. *Sims v. State Farm Mut. Auto. Ins. Co.*,

894 F.3d 941, 945 (8th Cir. 2018) (quoting *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984)). This is a difficult standard to satisfy. *Id.* Nothing in the record indicates Lloyd's' actions were dishonest, malicious, or oppressive. On the contrary, Lloyd's' denial of insurance benefits was consistent with the now overwhelming evidence that Thomas voided the policy through misrepresentations regarding his loss. *See Cato v. Ark. Mun. League Mun. Health Benefit Fund*, 688 S.W.2d, 720, 723 (Ark. 1985) ("mere refusal to pay a claim does not constitute the first party tort of bad faith when a valid controversy exists with respect to liability on the policy").

## IV. CONCLUSION

Summary judgment is granted because Lloyd's properly denied Thomas's homeowner's insurance claim under the policy's concealment or fraud condition. Consequently, Thomas has no cause of action against Lloyd's for breach of contract or bad faith denial of insurance benefits.

IT IS SO ORDERED this 8th day of December, 2021.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE